NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD J. CRANE, | ) | No. C 08-4454 JF (PR) |
| Plaintiff, | )<br>) | ORDER OF PARTIAL DISMISSAL<br>AND OF SERVICE; DIRECTING |
| vs. | )<br>) | DEFENDANTS TO FILE<br>DISPOSITIVE MOTION OR |
| M.S. EVANS, et al., | )<br>) | NOTICE REGARDING SUCH<br>MOTION |
| Defendants. | ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officials of Salinas Valley State Prison ("SVSP"), where Plaintiff was formerly incarcerated. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. Plaintiff has filed a First Amended Complaint ("FAC"), which supersedes the original complaint. The Court will dismiss the claim against Defendant Cate for failure to state a cognizable claim for relief, and order service of the FAC on the other Defendants based on Plaintiff's cognizable claims.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the FAC, the Court finds that Plaintiff's allegations, liberally construed, state a cognizable claim that Defendants Evans, Biagini, and Bowman violated his right to be free from discrimination based on his disability under the Americans With Disabilities Act by denying him access to a typewriter.

Plaintiff also claims that the denial of access to a typewriter violated his constitutional rights. There is no constitutional right to a typewriter, however, Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985), and consequently, he does not state a cognizable claim for relief based solely on the denial of access to a typewriter. Plaintiff does allege that Defendants are blocking his access to the courts because he needs a typewriter to pursue various cases he has pending in the federal courts. When liberally construed, such allegations state a cognizable claim for the denial of access to the courts to the extent Plaintiff can establish actual injury to court access under Lewis v. Casey, 518 U.S. 343, 350 (1996), as a direct result of lack of access to a typewriter. Plaintiff must also show that Defendants' hindrance of his access to court, by denying him a typewriter, was not reasonably related to legitimate penological interests under Turner v. Safley, 482 U.S. 78, 89 (1987). See Lewis, 518 U.S. at 361.

Plaintiff also names Matthew Cate, the Secretary of the California Department of Corrections and Rehabilitation, as a Defendant, although he does not allege any actions by such Defendant that caused the alleged violation of his rights. To state a claim under §

1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). To the extent that Plaintiff is attempting to hold Defendant Cate responsible in a supervisorial capacity, Plaintiff's allegations are insufficient to state a claim under § 1983 claim because only those individual officials who actually engage in unlawful conduct can be held liable. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's claims against Defendant Cate are DISMISSED for failure to state a cognizable basis for relief, and this Defendant is TERMINATED from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the First Amended Complaint in this matter, all attachments thereto, and a copy of this order upon **Warden M.S. Evans; Lieutenant G. Biagini; and Dr. Robert Bowman** at **Salinas Valley State Prison.** The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above, or, within such time, notify the Court that Defendants are of the opinion that this case cannot be resolved by such a motion.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.

Terhune, 540 U.S. 810 (2003).

   b.   Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

   4.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

   a.   In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b.   In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

//

//

1   9.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
2   Court informed of any change of address and must comply with the Court's orders in a
3   timely fashion.  Failure to do so may result in the dismissal of this action for failure to
4   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  11/26/08

JEREMY FOGEL
United States District Judge