NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendant(s). | No. C 08-04454 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(Docket No. 11) |

　　　　Plaintiff, a California state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis. (See Docket No. 4.) The Court found the complaint stated cognizable claims, when liberally construed, and directed the clerk to prepare the summons for service of the complaint upon Defendants Warden M.S. Evans, Lieutenant G. Biagini, and Dr. Robert Bowman at Salinas Valley State Prison and the United States Marshal to effectuate such service. (Docket No. 5.) Defendants have filed a motion to revoke Plaintiff's in forma pauperis status and to dismiss the case pursuant to 28 U.S.C. § 1915(g). (Docket No. 11.) Plaintiff filed opposition, and Defendants filed a reply thereto.

A.     Motion to Dismiss Under 28 U.S.C. § 1915

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "failed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

The Court takes judicial notice of the documents filed in support of Defendants' motion to dismiss. (Docket No. 12.) These documents show that Plaintiff has had three or more prisoner actions/appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted: (1) Crane v. Mantel, CV 08-04300 JF (N.D. Cal. Nov. 20, 2008) (Resp't Ex. A) (dismissed for failure to state a cognizable claim for relief); (2)

1   Crane v. William, CV 95-835-WMB (C.D. Cal. Jul. 14, 1997) (Resp't Ex. B)
2   (dismissed for failure to state claim upon which relief may be granted); and (3)
3   Crane v. Schulteis, CV 94-5454 OWW (E.D. Cal. Sept. 8, 1994) (Resp't Ex. C & D)
4   (dismissed as frivolous).  Defendants also argue that Case No. 03-6480 REC (E.D.
5   Cal. Dec. 20, 2004) (Resp't Ex. E), which was dismissed for failure to exhaust
6   administrative remedies prior to filing suit, should also qualify as a strike because a
7   majority of the circuits that have addressed this issue have counted such dismissals
8   as strikes although the Ninth Circuit has not addressed this issue.  However, it is not
9   necessary for this Court to decide whether this fourth case qualifies as a strike since
10  Plaintiff has at least three other cases which were dismissed on grounds that clearly
11  constitute strikes under § 1915(g) , *i.e.*, as frivolous and for failure to state a claim.
12  Plaintiff's explanations as to why these prior dismissals should not count as strikes
13  fail to rebut Defendants' showing.  Andrews, 398 F.3d at 1120.  Plaintiff therefore
14  may proceed in forma pauperis only if he is seeking relief from a danger of serious
15  physical injury which is "imminent" at the time of filing.  See Abdul-Akbar v.
16  McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d
17  1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.
18  1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  Plaintiff is not.

19          Because Plaintiff has had three or more prior dismissals and is not under
20  imminent danger of serious physical injury, Plaintiff is not eligible to proceed in
21  forma pauperis on this action under 28 U.S.C. § 1915(g).  Defendants' motion to
22  revoke Plaintiff's in forma pauperis status is GRANTED.  (Docket No. 11.)
23  Accordingly, the order granting leave to proceed in forma pauperis (Docket No. 4) is
24  VACATED.  The motion to proceed in forma pauperis (Docket No. 2) is DENIED.
25  The instant action is DISMISSED without prejudice to bringing it in a paid
26  complaint.

27  B.     Defendant Matthew Cate
28          All claims against Defendant Cate were dismissed in the Court order filed

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\CR.08\Crane4454_dism.wpd           3

December 2, 2008.  (See Docket No. 5.)  Accordingly, Defendant Cate is DISMISSED from this action.  The clerk shall terminate this defendant from the docket.

This order terminates Docket No. 11.

IT IS SO ORDERED.

DATED: 9/3/09

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW CATE,

        Plaintiff,

  v.

MATTHEW CATE, et al.,

        Defendants.

Case Number: CV08-04454 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   9/9/09  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard J. Crane C-44519
High Desert State Prison
P.O. Box 3030
Fac. &quot;B&quot; Bldg. #4, Cell #136
Susanville, CA 96127-3030

Dated:   9/9/09

Richard W. Wieking, Clerk